IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BLUESTONE INNOVATIONS, LLC,

    Plaintiff,

v.

ACER, INC., and ACER AMERICA CORPORATION,

    Defendants.

CASE NO. 2:12cv510 HCM/DEM

JURY DEMANDED

## COMPLAINT

Plaintiff Bluestone Innovations, LLC ("Bluestone") complains of defendants Acer, Inc. and Acer America Corporation (collectively "Acer" or "Defendants") as follows:

### THE PARTIES

1. Bluestone is a Virginia limited liability company located at 1984 Isaac Newton Square, Suite 203, Reston Virginia 20190.

2. Acer, Inc. is a Taiwanese corporation having a principal place of business located at 8F, No. 88, Section 1, Hsin Tai Wu Road, Hsichih, 221, Taipei Hsien, Taiwan. Upon information and belief, Acer, Inc. directly and/or indirectly controls the operations of its subsidiary, Acer America Corporation.

3. Acer America Corporation is a California corporation having a principal place of business located at 333 West San Carlos Street, suite 1500, San Jose, California 95110. Acer America Corporation is a subsidiary of Acer, Inc.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States (Title 35 of the United States Code). The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Defendants have done business in this District and have committed acts of infringement in this District. Such acts include soliciting, advertising (including through websites), offering to sell, selling and/or distributing infringing products, either directly or through intermediaries and agents, within this District.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Defendants are subject to personal jurisdiction in this District and have committed acts of infringement in this District.

## FACTUAL ALLEGATIONS

A. **The Patent-in-Suit**

7. United States Patent No. 6,163,557 ("the '557 patent"), entitled "Fabrication of Group III-V Nitrides on Mesas," was duly and legally issued by the United States Patent and Trademark Office on December 19, 2000.

8. Bluestone is the owner of the '557 patent by virtue of an assignment and owns all rights, title, and interest in the '557 patent subject to an exclusive field of use license held by a third party for the field of Optical Media Storage Devices and Components. Bluestone is not asserting claims of infringement of the '557 patent for any Optical Media Storage Device or Component made, used, sold, offered for sale, and/or imported into the United States by Defendants.

B.    **Infringement of the Patent-in-Suit**

9.    Defendants have been and are engaged in the manufacture, use, offer for sale, sale, and/or importation into the United States of light emitting diode ("LED") backlit monitors. The specific model numbers of such products change frequently. Upon information and belief, Defendants have made, used, offered for sale, sold, and/or imported into the United States at least the LED backlit monitors that are identified by model number in Exhibit A attached hereto.

10.   Defendants' S231HL LED backlit monitor contains LED semiconductor components that infringe at least one claim of the '557 patent. Upon information and belief, one or more of Defendants' LED backlit monitors identified in Exhibit A hereto contain the same or substantially similar LED semiconductor components as those contained within Defendants' S231HL LED backlit monitor, and to that extent, likewise infringe at least one claim of the '557 patent.

11.   Upon information and belief, Defendants, through their confidential documents such as bills of materials and the like, can readily identify which of their LED backlit monitors, including without limitation those identified in Exhibit A hereto, contain LED semiconductor components that are the same or substantially similar to the infringing LED semiconductor components contained in Defendants' S231HL LED backlit monitor.

## COUNT I
### INFRINGEMENT OF THE '557 PATENT

12.   Bluestone realleges and incorporates by reference each and every allegation set forth in the proceeding paragraphs 1-11 as if fully set forth here.

13.   Defendants have infringed at least claim 1 of the '557 patent through, among other activities, manufacturing, using, selling, offering to sell, and/or importing into the United States, products that employ the inventions of the '557 patent within the meaning of 35 U.S.C. § 271(a).

An example of such infringing products is the Acer S231HL LED backlit monitor. Other Acer LED backlit monitors, including without limitation those identified in Exhibit A attached hereto, are also believed to infringe at least claim 1 of the '557 patent.

14. Defendants have infringed at least claim 23 of the '557 patent through their importation into the United States, or their offering to sell, selling and/or using within the United States, products having components which were made by a process patented in the United States within the meaning of 35 U.S.C. § 271(g). An example of such infringing products is the Acer S231HL LED backlit monitor. Other Acer LED backlit monitors, including without limitation those identified in Exhibit A attached hereto, are also believed to infringe at least claim 1 of the '557 patent.

15. As a direct and proximate result of Defendants' infringement, Bluestone has suffered, and will continue to suffer, serious irreparable injury for which Bluestone is entitled to recover damages adequate to compensate it for such infringement, but, in no event, less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Bluestone respectfully requests that this Court enter judgment in its favor and against Defendants and their respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Defendants and grant the following relief:

A. That this Court adjudge and decree that Defendants have been and are currently infringing the '557 patent;

B. That this Court award damages to Bluestone to compensate for each of the unlawful actions set forth in Bluestone's complaint;

C. That this Court award prejudgment interest on such damages to Bluestone from the date infringement of the '557 patent began;

D.   That this Court determine that this patent infringement case is exceptional and award Bluestone its costs and attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285; and

E.   That this Court award such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Bluestone respectfully requests a trial by jury on all the issues triable thereby.

Dated: September 13, 2012

Respectfully submitted,

*[signature]*

Amy S. Owen (VSB #27692)
aowen@cochranowen.com
Ben Selan (VSB #65932)
bselan@cochranowen.com
COCHRAN & OWEN LLC
8000 Towers Crescent Drive, Suite 160
Vienna, VA 22182
Tel: (703) 847-4480
Fax: (703) 847-4499

*Of Counsel*

Dean D. Niro
dniro@nshn.com
David J. Mahalek
mahalek@nshn.com
Robert A. Conley
rconley@nshn.com
NIRO, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, IL 60602-4515
Tel: (312) 236-0733
Fax: (312) 236-3137

*Attorneys for Plaintiff*
*Bluestone Innovations, LLC*